UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CR736 HEA |
| | ) | |
| GARY GRUNIG, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This case is before the Court on defendant's *pro se* Motion for Immediate Release to Home Confinement under the CARES Act, [Doc. No. 57]. Although his initial Motion was filed *pro se*, Defendant is represented by counsel who filed a supplemental Motion for Reduction in Sentence, [Doc. No. 68]. The government opposes the Motions. For the reasons set forth below, the Motions are denied.

**Facts and Background**

On November 30, 2010 defendant Gary Grunig pleaded guilty to two counts of Transportation of a Minor for Purpose of a Criminal Sex Act in violation of 18 U.S.C. § 2423(a). Defendant's conviction was based on him transporting his two minor daughters in interstate commerce for the purpose of engaging in sexual intercourse and oral sex with them. On February 28, 2016 the Court sentenced defendant to 204 months imprisonment to be followed by a life-long term of

supervised release. Defendant is presently imprisoned at Forrest City Low Federal Correctional Institution, in Forrest City, Arkansas. His projected release date is June 27, 2025.

Defendant is 60 years old. According to the PSR filed February 18, 2011, defendant was in poor health including arthritis in his back, vertebral degeneration, and a history of multiple heart attacks and strokes. The PSR also noted Defendant's history of mental illnesses, including his diagnoses of chronic depression and mild schizotypal personality disorder from his forensic evaluation in early 2010, as well as diagnoses of mixed receptive-expressive language disorder, chronic depression, borderline intellectual functioning, personality disorder – not otherwise specified, and narcissistic and schizotypal traits from his stay at the U.S. Medical Center for Federal Prisoners, Springfield, Missouri from April to August of 2010. Defendant's BOP records indicate that his current health problems include thyroid disorder, hyperlipidemia, arthritis, hypertension and pulmonary embolism. His active or recent prescriptions include lisinopril for hypertension, atorvastatin for hyperlipidemia, apixaban for pulmonary embolism, and acetaminophen for arthritis. According to BOP medical records, Defendant utilizes a wheelchair to move about.

**Legal Standard**

"The law is clear: absent statutory authority, the Court cannot reduce a final sentence." *United States v. Adem*, No. 4:19-cr-00676-AGF, slip op. at 1 (Mar. 19, 2020) (rejecting an unopposed request for early release of six days in light of the coronavirus pandemic); *Dillon v. United States*, 560 U.S. 817, 825 (2010) ("'A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment' and may not be modified by a district court except in limited circumstances." (quoting 28 U.S.C. § 3582(b)).

Defendant is seeking a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act. Congress has subsequently changed the rule that a court could only modify a sentence upon motion from the Bureau of Prisons. *United States v. Gileno*, No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020). Congress amended section 3582(c) to include the following language:

> (c) The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment

3

> . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). A defendant therefore may now move the sentencing court for a reduced sentence but only "after (1) fully exhausting his administrative remedies, or (2) a lapse of 30 days from the warden's receipt of the defendant's request." *United States v. Miller*, No. 2:16- CR-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020).

While the First Step Act changed who could file a motion for compassionate release, it did not alter the requirements for granting relief. *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) ("Congress in fact only expanded access to the courts; it did not change the standard."). Under the unmodified language in section 3582(c)(1)(A)(i), a sentencing court may reduce a term of imprisonment only for "extraordinary and compelling reasons." This phrase, in turn, is defined by the Sentence Commission's binding policy statement in § 1B1.13 of the Guidelines Manual. Section 1B1.13 "limits the universe of extraordinary and compelling reasons to five categories": (A)(i) terminal illness, (A)(ii) debilitating medical conditions, (B) advanced age, (C) death or

4

incapacitation of certain family members, and (D) other extraordinary and compelling reasons determined by BOP. *United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019) (citing U.S.S.G. § 1B1.13 cmt. n.1). Additionally, before granting early release, the court must verify that the "defendant is not a danger to the safety of any other person or to the community" and consider whether a lesser sentence is appropriate under the section 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

## Analysis

On May 26, 2020, defendant filed a *pro se* Motion for Immediate Release to Home Confinement under the CARES Act. Thereafter, an attorney from the Office of the Federal Public Defender entered her appearance on defendant's behalf. On August 18, 2020, counsel for defendant wrote to the warden of Forrest City Low FCI requesting he file a motion for a reduction in sentence due to extraordinary and compelling reasons pursuant to 18 U.S.C. §(c)(1)(A). Defendant did not receive a response from the warden.

In the instant Motions, defendant notes his medical conditions, use of medications, and use of a wheelchair. He argues that his hypertension renders him "extremely vulnerable to the dire consequences from COVID-19," and that practicing social distancing is very difficult in prison. Quoting the Director of the

5

BOP, defendant argues that Forrest City Low FCI is a "hot spot" for COVID-19. He further notes that Forrest City Low FCI has had a "massive" outbreak of the virus since the pandemic began – on November 4, 2020, when the Supplement to the Motion was filed, 48 inmates and 11 staff members were positive for COVID-19, and a total of 635 inmates at Forrest City Low FCI had recovered from COVID-19.

Defendant also argues that the 18 U.S.C. § 3553(a) factors weigh in favor of release. Defendant notes that he has no disciplinary records from the BOP. He is enrolled in the GED program and participates in the Institutional Release Preparation Program. He is classified by BOP as "low" risk for recidivism. He has served 55.5% of his total sentence. While defendant acknowledges that he was convicted of serious offenses, he asserts that he is not a danger to the community. Defendant states that he understands that he must have no contact with the victims, his children, or any other children and that he will be under the supervision of the United States Probation Office subject to restrictions and conditions of supervision imposed by the Court. Defendant requests that if released, he be sent to the community release center in Farmington, Missouri to begin his Life term of supervised release.

Defendant also asserts that he has limited mobility due to his use of a wheelchair, has serious medical conditions, lives in constant pain, and takes medications to control his hypertension and prevent blood clots. He states that he has mental health issues and that if released, he will engage in mental health treatment and take his medications as prescribed.

In opposing defendant's Motion, the government argues that defendant has not identified "extraordinary and compelling reasons" to qualify for compassionate release. The government also argues that defendant remains a danger to the community. The government submits that defendant has been tested for COVID-19 and that the result was negative.

As a threshold matter, defendant exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A)(i) in that counsel for defendant sent a letter to the warden on August 18, 2020 requesting he file a motion for a reduction in sentence on defendant's behalf. More than 30 days had elapsed without response from the warden when counsel filed the second motion on November 4, 2020. The Court therefore proceeds to the merits of defendant's motions.

The Court finds that defendant has not met his burden of proving extraordinary and compelling circumstances exist warranting a reduced sentence. The presence of COVID-19 in the BOP alone does not warrant sentence reduction,

7

even when the movant has a medical condition that increases the risk of serious illness from COVID-19. Forrest City Low FCI has had zero inmate or staff deaths as of the date of this Opinion, Memorandum, and Order. FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (click hyperlink reading "Full breakdown and additional details…" then find the Forrest City Low FCI row in the data table) (last visited January 11, 2020). Defendant has avoided contracting COVID-19 while incarcerated. Defendant's purported risk from the COVID-19 pandemic, even when considered with his good behavior in BOP, do not constitute an extraordinary and compelling reason to reduce his sentence.

Moreover, the Court does not find that a reduced sentence is appropriate under section 3553(a) sentencing factors. Defendant was convicted of extremely serious crimes perpetrated against his own minor children. He has served less than two-thirds of his sentence for those crimes. To release defendant now would undermine the seriousness of his crimes, fail to provide just punishment or adequate deterrence to criminal conduct, and further endanger the public.

For the foregoing reasons, this Court finds that defendant has not met his burden of proving that "extraordinary and compelling reasons" exist to warrant compassionate release.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Home Confinement or Compassionate Release, [Doc. No. 57] is **denied.**

**IT IS FURTHER ORDERED** that the supplemental Motion for Reduction in Sentence, [Doc. No. 68] is also **denied**.

Dated this 11th day of January, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE